IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD PAUL MARCHAND,

    Petitioner,               No. CIV S-05-0020 DFL KJM P

    vs.

THE PEOPLE OF THE STATE
OF CALIFORNIA,

    Respondent.             ORDER

/

       Petitioner, a previous state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

       Petitioner has listed three grounds in support of his writ, but has not gone beyond conclusory statements, which provide no guidance to the court as to the basis of any of his claims. Instead, he has attached numerous documents, apparently asking the court to scour them in order to puzzle out their application to his claims. In addition, on March 18, 2005, he filed another packet of documents, with no attempt to explain their relevance to his federal habeas action. This is not the proper way to pursue habeas relief. See Rule 2(c), Rules Governing § 2254 Cases.

       The court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. Moreover, the court may limit its review of the petition for

1

relief to the information on the form only and need not consider any memoranda or attachments to the petition. See Rule 2(c), Rules Governing § 2254 Cases.

Petitioner is hereby notified that in order for this court to review his application, he must refile his petition on the proper form. Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims, and must provide the court with all necessary information.

In addition, "a petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Petitioner has named "The People of the State of California" as respondent in this action. This collective entity is not the proper respondent in this action. Accordingly, the instant petition must be dismissed with leave to amend. See Stanley, 21 F.3d at 360.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

/////
/////
/////
/////
/////
/////
/////
/////

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

4. Petitioner's January 13, 2005 request for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: May 6, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/kf
marc0020.dlta