IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD PAUL MARCHAND,

    Petitioner,                    No. CIV S-05-0020 DFL KJM P

    vs.

RODERICK Q. HICKMAN,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former county jail inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges the San Joaquin County Superior Court's requirement that he register as a sex offender on the ground that the factual predicate for this requirement was neither charged nor found by the jury.  Respondent has filed a motion to dismiss, arguing that the petition is not timely under the AEDPA.

        Petitioner was convicted on October 26, 2000.  Pet. at 1.  The Court of Appeal affirmed his conviction on June 6, 2002, Lodged Document 1, and the California Supreme Court denied his Petition for Review on August 14, 2002.  Lodged Document 3.

        Petitioner did not pursue collateral review in the state court for more than two-and-a-half years, until he filed a habeas petition in San Joaquin County Superior Court on March

/////

21, 2005.  Lodged Document 4.  This petition was denied on May 19, 2005.  Lodged Document 5.

One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was November 13, 2002.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999).  The limitations period began to run on November 14, 2002 and expired on November 15, 2003.   Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).  The federal habeas petition, filed January 4, 2005, is not timely, unless petitioner is entitled to tolling of the limitations period.

1    The statute of limitations is tolled during the pendency of any "properly filed" state
2  collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).
3  However, once the statute of limitations has lapsed, it is not revived by a petition filed after that
4  time. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).  In this case, petitioner's state
5  collateral attack was filed well outside the limitations period.  His federal petition is not timely.
6    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
7  writ of habeas corpus be dismissed.
8    These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: December 19, 2006.

_____
U.S. MAGISTRATE JUDGE

2
marc0020.157